# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA WARREN,<br><br>Plaintiff,<br>vs.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>Defendants. | CASE NO. 13-CV-1437-LAB-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This is a foreclosure case, ostensibly.  As Ms. Warren, proceeding *pro se*, tells it, Defendants crossed every conceivable line in foreclosing on her home.  As the Defendants tell it, this is a meritless lawsuit by which Warren is trying to keep her home without paying for it.  This is somewhat confusing to the Court, because the overwhelming bulk of Warren's factual allegations in her complaint pertain to the way in which her mortgage was acquired and securitized by Defendants; any actual foreclosure proceedings are referenced only in passing.  (Compl. ¶¶ 10–52.)  In any event, the Court has read Warren's complaint and considered the parties' briefs, and agrees with the Defendants' characterization of this case.  Their motion to dismiss is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

## I.    Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering such a

motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to Warren. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed; they must simply be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Warren's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 129 S.Ct. at 1949. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Nor does it suffice if it contains a merely formulaic recitation of the elements of a cause of action. *Bell Atl. Corp.*, 550 U.S. at 555.

## II.    Discussion

Warren asserts four claims against the Defendants, all based on her grievance that, to quote from her complaint, "Defendants have created a fraudulent and misleading chain of title" and "any foreclosure of the Subject Property is unlawful and wrongful and the Defendants have no standing to foreclose the Subject Property in the future." (Compl. ¶ 21.) The first claim is for violation of California Civil Code § 2923.5. The second and third claims are for declaratory and injunctive relief, respectively. The last claim is for quiet title.

As Defendants point out, declaratory and injunctive relief aren't *claims*, properly construed, but rather remedies for Defendants' alleged wrongdoing. *See Goldberg v. BAC*

*Home Loans Servicing, LP*, 2013 WL 4501014 at *4 n.4 (S.D. Cal. Aug. 21, 2013) ("The court does not consider the declaratory relief claim a separate cause of action."); *Safi v. Bank of America*, 2013 WL 5587577 at *6–7 (E.D. Cal. Oct. 10, 2013) ("Defendants are correct that injunctive relief is a remedy, not a separate cause of action.").  That leaves the Court only with Warren's § 2923.5 and quiet title claims.

## A.   Violation of § 2923.5

California Civil Code § 2923.5 requires a mortgage servicer, mortgagee, trustee, or beneficiary to do certain things before recording a notice of default, including notify the borrower of its intention, or attempting to notify the borrower, and allowing 30 days for the borrower to respond.  Warren alleges that didn't happen in this case.  (Compl. ¶¶ 57–62.)  As the Court observed at the outset, however, the factual allegations of Warren's complaint say little about a foreclosure, and the Court can't find an allegation that a notice of default was actually recorded.  Moreover, Defendants present judicially noticeable evidence that confirms one was not.  Warren's § 2923.5 claim is therefore **DISMISSED**.[1]

## B.   Quiet Title

Warren's quiet title claims relies on an argument, or series of arguments, that the undersigned Judge, this Court, and other courts have consistently rejected.  That argument, to put it simply, is that the securitization of mortgages is illegitimate and that only the original lender can enforce the promissory note that is secured by the deed of trust.  In other words, Defendants have no legal interest in her home.  As Warren puts it in her complaint:

> Plaintiff alleges that after the loan was originated and funded it was sold, bundled into a group of Notes and subsequently sold to investors as a derivative "Mortgage Backed Security", issued by a BNY Mellon trust, and that therefore none of the Defendants own this loan, or NOTE, and cannot be and are not the Beneficiary under the DOT, or lawfully appointed Trustee under the DOT and have no right to declare a default, to cause notices of foreclosure sale to issue or to be recorded, or to foreclose on Plaintiff's interest in the Subject Property. (Compl. ¶ 14.)

---

[1] As a preliminary point here, the Court finds that the evidence is properly subject to judicial notice under Federal Rule of Evidence 201, and that it may be considered in ruling on this motion to dismiss.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

1    This argument, which is at the core of Warren's quiet title claim, simply fails. *Newman v.*
2    *Bank of New York Mellon*, 2013 WL 5603316 at *5 (E.D. Cal. Oct. 11, 2013) ("California
3    courts have recognized that the comprehensive California foreclosure scheme does not
4    permit a general challenge to the authority of an entity to foreclose on a deed of trust, absent
5    a specific factual basis that demonstrates no authority."); *Sicairos v. NDEX West, LLC*, 2009
6    WL 385855 at *2–3 (S.D. Cal. Feb. 13, 2009); *Putkkuri v. Recontrust Co.*, 2009 WL 32567
7    at *2 (S.D. Cal. Jan. 5, 2009); *Jenkins v. J.P. Morgan Chase Bank, N.A.*, 216 Cal.App.4th
8    497, 511 (Cal. Ct. App. 2013).

9         This isn't the only problem with Warren's quiet title claim.  Defendants' motion to
10   dismiss highlights many, but two stick out for the Court.  First, one element of a quiet title
11   claim is that there be adverse claims to a plaintiff's title, and here, as the Court has said,
12   Warren hasn't clearly pled that an adverse claim has been made by defendants.  She
13   alleges no facts telling the Court, or Defendants, what those adverse claims are.  Second,
14   Warren's complaint says nothing about whether she has tendered the amount remaining on
15   her loan, or even made such an offer.  This is a glaring flaw, because "a purported quiet title
16   claim is doomed in the absence of a tender of amounts owed."  *Allen v. U.S. Bank, Nat.*
17   *Ass'n*, 2013 WL 5587389 at *5 (E.D. Cal. Oct. 10, 2013).

18   **III.    Conclusion**

19        For the reasons given above, Defendants' motion to dismiss is **GRANTED** and
20   Warren's claims are dismissed.  Because the Court views amendment as futile, this
21   dismissal is **WITH PREJUDICE**.

22

23        **IT IS SO ORDERED**.

24   DATED:  October 23, 2013

25

26                                         **HONORABLE LARRY ALAN BURNS**
                                           United States District Judge

27

28